# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CORYDORAS TECHNOLOGIES, LLC § § *Plaintiff*, § vs. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC. and SAMSUNG § TELECOMMUNICATIONS AMERICA, LLC § § *Defendants*. § | Case No. _____  **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Corydoras Technologies, LLC ("Corydoras") brings this action against defendants Samsung Electronics Co., Ltd, ("SEL"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively "Samsung"),  and alleges:

## THE PARTIES

**1.** Corydoras is a corporation organized and existing under the laws of Texas. Corydoras owns the entire right, title, and interest in the patents at issue in this case.

**2.** On information and belief, Samsung Electronics Co., Ltd., is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.  Service of process can be made on Samsung Electronics Co., Ltd. by way of The Hague Service Convention.

**3.** On information and belief, Samsung Electronics America, Inc. is a corporation organized and existing under the laws of New York, has a principal place of business at 105 Challenger Rd, Ridgefield Park, NJ  07660-2101, has designated its registered agent for purposes of

service of process in Texas as C T Corporation System, 1999 Bryan St., STE 900, Dallas, Texas 75201-3136, and is doing business in this judicial district.

4. On information and belief, information filed by or on behalf of Samsung Telecommunications America, LLC with the Texas Secretary of State discloses that STA is a limited liability company organized and existing under the laws of Delaware and has a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. Such records filed by or on behalf of STA indicates that STA has designated its registered agent for purposes of service of process in Texas as Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3334. STA has and/or is doing business in this judicial district.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

6. Subject-matter jurisdiction over Corydoras' claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, each defendant has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

8. On information and belief, one or more of defendants have made, used, sold, offered for sale and/or imported smartphones (such as the Galaxy SII, SIII, S4 and/or S5 and/or Galaxy Note, Note II, Note 3 and/or Note 4 and/or the Galaxy Alpha and/or Galaxy Core Prime) and/or have

placed such smartphones into the stream of commerce, which smartphones have been made, offered for sale, sold, and/or used in the State of Texas.

9. On information and belief, at the time of filing of this Complaint, STA is the record owner of real property in Collin County, Texas.

10. On information and belief, at the time of filing of this Complaint, smartphones such as the Samsung Galaxy Note 4 and Galaxy Alpha are available for purchase by consumers. In the materials that accompany the Samsung Galaxy Note 4 and Galaxy Alpha upon such purchase, Samsung Telecommunications America, LLC is identified.

11. On information and belief, each defendant has made, used, sold, offered for sale and/or imported infringing wireless mobile communication devices, and/or have each placed such infringing devices into the stream of commerce, which systems and/or devices have been made, offered for sale, sold, and/or used in the State of Texas.

12. This Court has personal jurisdiction over each defendant.

13. Each defendant is subject to personal jurisdiction in Texas and this judicial district, and is doing business in this judicial district.

14. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

### COUNT I – INFRINGEMENT OF THE '664 PATENT

15. On August 17, 2010, U.S. Patent No. 7,778,664 ("the '664 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki. The '664 patent has been assigned to Corydoras. Corydoras owns all right, title and interest in the '664 patent, including the right to sue for and recover all past, present and future damages for infringement of the '664 patent.

16. The '664 patent is presumed valid.

17. Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display. By way of example, Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further specific examples, the Samsung Galaxy SII, SIII, S4 and S5, Samsung Galaxy Note, Note II, Note 3 and Note 4, Galaxy Alpha and Galaxy Core Prime are exemplary devices. (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

18. Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '664 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '664 patent.

19. Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products to infringe one or more claims of the '664 patent.

20. Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '664 patent.

21. Samsung indirectly infringes one or more claims of the '664 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '664 patent through their use of such Accused Products in accordance with Samsung's instructions.

22. For example, Samsung induces direct infringement of the '664 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '664 patent.  Samsung engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '664 patent.

23. Samsung is liable for infringement of the '664 patent pursuant to 35 U.S.C. § 271.

24. Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

25. As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

COUNT II – INFRINGEMENT OF THE '236 PATENT

26. On May 17, 2011, U.S. Patent No. 7,945,236 ("the '236 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '236 patent has been assigned to Corydoras.  Corydoras owns all right, title and interest in the '236 patent, including the right to sue for and recover all past, present and future damages for infringement of the '236 patent.

27. The '236 patent is presumed valid.

28. Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display.  By way of example,

Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further specific examples, the Samsung Galaxy SII, SIII, S4 and S5 and Samsung Galaxy Note, Note II, Note 3 and Note 4, Galaxy Alpha and Galaxy Core Prime are exemplary devices. (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

29.  Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '236 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '236 patent.

30.  Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products and to perform methods that infringe one or more claims of the '236 patent.

31.  Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '236 patent.

32.  Samsung indirectly infringes one or more claims of the '236 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '236 patent through their use of such Accused Products in accordance with Samsung's instructions.

33.  For example, Samsung induces direct infringement of the '236 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused

Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '236 patent. Samsung engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '236 patent.

34. Samsung is liable for infringement of the '236 patent pursuant to 35 U.S.C. § 271.

35. Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

36. As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

### COUNT III – INFRINGEMENT OF THE '287 PATENT

37. On May 17, 2011, U.S. Patent No. 7,945,287 ("the '287 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki. The '287 patent has been assigned to Corydoras. Corydoras owns all right, title and interest in the '287 patent, including the right to sue for and recover all past, present and future damages for infringement of the '287 patent.

38. The '287 patent is presumed valid.

39. Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display. By way of example, Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further

specific examples, the Samsung Galaxy SII, SIII, S4 and S5, Samsung Galaxy Note II, Note 3 and Note 4, Galaxy Alpha and Galaxy Core Prime are exemplary devices. (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

40. Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '287 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '287 patent.

41. Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products and to perform methods that infringe one or more claims of the '287 patent.

42. Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '287 patent.

43. Samsung indirectly infringes one or more claims of the '287 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '287 patent through their use of such Accused Products in accordance with Samsung's instructions.

44. For example, Samsung induces direct infringement of the '287 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '287 patent. Samsung engages in such inducement

knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '287 patent.

**45.**     Samsung is liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271.

**46.**     Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

**47.**     As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

### COUNT IV – INFRINGEMENT OF THE '037 PATENT

**48.**     On August 9, 2011, U.S. Patent No. 7,996,037 ("the '037 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki. The '037 patent has been assigned to Corydoras. Corydoras owns all right, title and interest in the '037 patent, including the right to sue for and recover all past, present and future damages for infringement of the '037 patent.

**49.**     The '037 patent is presumed valid.

**50.**     Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display. By way of example, Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further specific examples, the Samsung Galaxy SII, SIII, S4 and S5 and Samsung Galaxy Note II, Note 3 and

Note 4, and Galaxy Alpha are exemplary devices.  (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

51.     Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '037 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '037 patent.

52.     Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products and to perform methods that infringe one or more claims of the '037 patent.

53.     Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '037 patent.

54.     Samsung indirectly infringes one or more claims of the '037 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '037 patent through their use of such Accused Products in accordance with Samsung's instructions.

55.     For example, Samsung induces direct infringement of the '037 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '037 patent.  Samsung engages in such inducement

knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '037 patent.

56. Samsung is liable for infringement of the '037 patent pursuant to 35 U.S.C. § 271.

57. Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

58. As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

### COUNT V – INFRINGEMENT OF THE '009 PATENT

59. On September 20, 2011, U.S. Patent No. 8,024,009 ("the '009 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki. The '009 patent has been assigned to Corydoras. Corydoras owns all right, title and interest in the '009 patent, including the right to sue for and recover all past, present and future damages for infringement of the '009 patent.

60. The '009 patent is presumed valid.

61. Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display. By way of example, Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further specific examples, the Samsung Galaxy SII, S4 and S5 and Samsung Galaxy Note II, Note 3 and

Note 4, and Galaxy Alpha are exemplary devices. (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

62. Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '009 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '009 patent.

63. Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products and to perform methods that infringe one or more claims of the '009 patent.

64. Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '009 patent.

65. Samsung indirectly infringes one or more claims of the '009 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '009 patent through their use of such Accused Products in accordance with Samsung's instructions.

66. For example, Samsung induces direct infringement of the '009 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '009 patent. Samsung engages in such inducement

knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '009 patent.

67. Samsung is liable for infringement of the '009 patent pursuant to 35 U.S.C. § 271.

68. Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

69. As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

### COUNT VI – INFRINGEMENT OF THE '540 PATENT

70. On May 20, 2014, U.S. Patent No. 8,731,540 ("the '540 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki. The '540 patent has been assigned to Corydoras. Corydoras owns all right, title and interest in the '540 patent, including the right to sue for and recover all past, present and future damages for infringement of the '540 patent.

71. The '540 patent is presumed valid.

72. Samsung manufactures and sells mobile devices for voice communication that include at least one camera and that display a mirror image of an object on its display. By way of example, Samsung smartphones are such devices. By way of further example, the Samsung Galaxy line of smartphones and the Samsung Note line of smartphones are exemplary devices. By way of further specific examples, the Samsung Galaxy SII, SIII, S4 and S5 and Samsung Galaxy Note, Note II, Note

3 and Note 4, Galaxy Alpha and Galaxy Core Prime are exemplary devices.  (The mobile cellular devices described in this paragraph are hereinafter referred to in this Count as "Accused Products.")

73. Upon information and belief, Samsung, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '540 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more claims of the '540 patent.

74. Consumers purchase and use Samsung's Accused Products and are instructed by Samsung to use such Accused Products and to perform methods that infringe one or more claims of the '540 patent.

75. Samsung provides instructions, such as user manuals, that instruct consumers on how to use Samsung's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '540 patent.

76. Samsung indirectly infringes one or more claims of the '540 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Samsung's Accused Products to directly infringe one or more claims of the '540 patent through their use of such Accused Products in accordance with Samsung's instructions.

77. For example, Samsung induces direct infringement of the '540 patent by providing user manuals and instructions for the Accused Products that show users how to operate the Accused Products such that, by following Samsung's instructions, the end users of the Accused Products directly infringe one more claims of the '540 patent.  Samsung engages in such inducement

knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '540 patent.

78. Samsung is liable for infringement of the '540 patent pursuant to 35 U.S.C. § 271.

79. Samsung's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Samsung the damages sustained by Corydoras as a result of Samsung's wrongful acts in an amount subject to proof at trial.

80. As a consequence of the infringement complained of herein, Corydoras has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Samsung is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

**WHEREFORE**, Corydoras prays for entry of judgment that:

A. Samsung has directly infringed and/or induced infringement of the '664, '236, '287, '037, '009 and '540 patents;

B. Samsung accounts for and pays to Corydoras all damages caused by Samsung's infringement of the '664, '236, '287, '037, '009 and '540 patents;

C. Corydoras be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Samsung and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

D. Corydoras be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Samsung's patent infringement;

E. Corydoras be granted its reasonable attorneys' fees;

F. Costs be awarded to Corydoras; and,

  **G.**  Corydoras be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Corydoras demands trial by jury on all claims and issues so triable.

          Respectfully submitted,

Dated:  March 24, 2015    By: /s/ Elizabeth L. DeRieux
              John T. Polasek
              Texas Bar. No. 16088590
              tpolasek@pqelaw.com
              C. Dale Quisenberry
              Texas Bar No. 24005040
              dquisenberry@pqelaw.com
              POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
              6750 West Loop South, Suite 920
              Bellaire, Texas 77401
              Telephone: (832) 778-6000
              Facsimile: (832) 778-6010

              Otis W. Carroll
              State Bar No. 03895700
              nancy@icklaw.com
              Deborah Race
              State Bar No. 16448700
              drace@icklaw.com
              IRELAND, CARROLL & KELLEY, P.C
              6101 S. Broadway, Suite 500
              P.O. Box 7879
              Tyler, Texas 75711
              Telephone: (903) 561-1600
              Facsimile: (903) 581-1071

              Elizabeth L. DeRieux
              State Bar No. 05770585
              ederieux@capshawlaw.com
              D. Jeffrey Rambin
              State Bar No. 00791478
              jrambin@capshawlaw.com
              CAPSHAW DERIEUX, LLP
              114 East Commerce Avenue

Gladewater, Texas  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787